JANET M. HEROLD
Regional Solicitor
ANDREW J. SCHULTZ
Trial Attorney
California Bar No. 237231
KATHERINE KASAMEYER
Trial Attorney
California Bar No. 261820
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7745
Facsimile: (415) 625-7745
Email: Schultz.andrew@dol.gov

Attorneys for Plaintiff, Thomas E. Perez,
Secretary of Labor,
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br>  v.<br><br>AGEWAY SENIOR CARE, INC., doing business as Ageway Boarding Care, a California Corporation; ANA DAYEH, an individual,<br>        Defendants. | Docket No.: 3:14-cv-4424<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. §§ 201, et seq.) |

1. Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, brings this action to enjoin Defendants AGEWAY SENIOR CARE, INC., doing business as Ageway Boarding Care, a California Corporation and ANA DAYEH, an individual (together "Defendants") from violating the provisions of the Fair Labor Standards Act of 1938, as

Complaint                              1

amended (hereinafter called "FLSA" or the "Act"), 29 U.S.C. § 201 *et seq.*, pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and to recover unpaid minimum wage and overtime compensation owed under the Act to present and former employees of Defendants, including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount of liquidated damages, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c).

2.   This Court has subject matter jurisdiction pursuant to Sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217; this Court also has subject matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 28 U.S.C. § 1345 (United States as plaintiff).

3.   Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims at issue occurred in or around Redwood City, San Mateo, San Carlos, and Union City, California.

4.   (a)   Defendant AGEWAY SENIOR CARE, INC., doing business as Ageway Boarding Care, is and at all times hereinafter mentioned was a California corporation with offices and places of business at: 617 Veterans Boulevard No. 114, Redwood City, CA; 1325 Royal Avenue, San Mateo, CA; 590 Chestnut Street, San Carlos, CA; 2636 Nevada Street, Union City, CA; and 2716 Meadowlark Drive, Union City, CA, within the jurisdiction of this Court, at all times hereinafter mentioned was, engaged in the operation of residential care homes for elderly adults.

(b)   Defendant ANA DAYEH, as an individual, is and at all times hereinafter mentioned was an officer of Defendant AGEWAY SENIOR CARE, INC., and acted directly or indirectly in the interest of AGEWAY SENIOR CARE, INC., in relation to its employees by exercising supervisory authority over the employees named in Exhibit A, including by hiring and paying them.  As such, Defendant Dayeh is and has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d).

Complaint                              2

5. Defendant AGEWAY SENIOR CARE, INC., is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r). Defendant AGEWAY SENIOR CARE, INC., operates residential care homes for elderly adults.

6. Defendant AGEWAY SENIOR CARE, INC., is and at all times hereinafter mentioned has been, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has and has had an annual gross volume of sales made or business done of not less than $500,000.

7. Defendants have repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206, 215(a)(2), by paying employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce within the meaning of the Section 3(s) of the Act, 29 U.S.C. § 203(s), as described in paragraph 6 from at least November 19, 2011 to November 18, 2013 ("Subject Period").  The violative pay practices included paying employees at a flat rate for all hours worked.

8. Defendants have repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees who in workweeks were engaged in commerce or the production of goods for commerce, within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s), for workweeks longer than forty hours without compensating said employees for their employment in excess of forty hours per week during such workweeks

Complaint                                                   3

at rates not less than one and one-half times the regular rate at which they were employed during the Subject Period. The violative pay practices included paying employees at a flat rate for all hours worked.

9. Defendants, employers subject to the provisions of the Act, have violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the hours worked and wages paid with respect to several employees.

10. (a) During the Subject Period, Defendants have willfully violated the aforesaid provisions of the Act, including by not keeping pay and time records.

(b) As a result of the aforesaid violations of the Act, there is unpaid minimum wage compensation being withheld by Defendants.

(c) As a result of the aforesaid violations of the Act, there is unpaid overtime compensation being withheld by Defendants.

(d) Judgment permanently enjoining and restraining such violations of the Act is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

(e) Judgment enjoining and restraining any continued withholding of unpaid minimum wage and overtime compensation due under the Act is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

(f) Judgment awarding unpaid back wages due under the Act, plus an additional amount as liquidated damages that is equal to the amount of the back wages that accrued under the Act, is specifically authorized by Section 16(c) of the Act, 29 U.S.C. § 216(c).

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against Defendants as follows:

    A.    For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from prospectively violating the provisions of Section 15(a)(2) and (a)(5) of the Act, 29 U.S.C. §215(a)(2) and (a)(5);

    B.    For an Order

        (1)    pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the minimum wage and overtime compensation found due to Defendants' employees, including those listed in the attached Exhibit A;

        (2)    in the event liquidated damages are not awarded, pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due Defendants' employees, and pre-judgment interest at an appropriate interest rate;

        (3)    For an Order awarding Plaintiff the costs of this action; and

///

///

///

///

///

///

///

///

Complaint        5

(4)  For an Order granting such other and further relief as may be necessary or appropriate.

Dated: October 2, 2014

                    M. PATRICIA SMITH
                    Solicitor of Labor

                    JANET M. HEROLD
                    Regional Solicitor

                    _____
                    ANDREW J. SCHULTZ
                    Trial Attorney

                    KATHERINE M. KASAMEYER
                    Trial Attorney

                    Attorneys for Plaintiff Secretary
                    U.S. Department of Labor

**EXHIBIT A**

Abrenica, Ryan

Bacani, Rufina

Bernardino, Elmer

Cawaling, Rolito

Cordero, Pacita

Datlag, Merlinda

Dumaguin, Violeta

Gimena, Myrna

Isla, Felisa

Manguera, Leny

Simon Seno II, Bienevido

Tolentino, Grace

Velasquez, Marina