JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Senior Trial Attorney
ANDREW J. SCHULTZ
Trial Attorney
schultz.andrew@dol.gov
California State Bar Number 237231
United States Department of Labor
Office of the Solicitor
90 7th Street, Suite 3-700
San Francisco, CA
(415) 625-7745
FAX (415) 625-7772

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>AGEWAY SENIOR CARE, INC., doing business as Ageway Boarding Care, a California Corporation; ANA DAYEH, an individual;<br><br>Defendants. | Case No.: 3:14-cv-04424 RS<br><br>[PROPOSED]<br>**CONSENT JUDGMENT AND ORDER** |

Plaintiff, THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor

*Consent Judgment*        1

(the "Secretary"), and Defendants AGEWAY SENIOR CARE, INC., a California Corporation doing business as Ageway Boarding Care, and ANA DAYEH, (together "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

    A.    The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. § 206, 207, 211(c), 215(a)(2) and (5).

    B.    Defendants have appeared by counsel and acknowledge receipt of a copy of the Secretary's Complaint.

    C.    Defendants waive issuance and service of process and waive answers and any defenses to the Secretary's Complaint.

    D.    The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

    E.    Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Northern District of California.

    F.    Defendants understand and agree that demanding or accepting any of the funds due employees under this Consent Judgment and Order ("Consent Judgment" or "Judgment") or threatening any employee for accepting money due under this Consent Judgment or for exercising any of their rights under the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §201, *et seq.* is specifically prohibited by this Consent Judgment and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

    G.    Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

    H.    Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA during the period from November 19, 2011, to November 18, 2013, by paying their employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were

engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

I. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA during the period from November 19, 2011, to November 18, 2013, by employing their employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

J. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA during the period from November 19, 2011, to November 18, 2013, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act. Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Act, Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, pay any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce and in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the Act, employ any of their employees who in any workweek are engaged in commerce or the production of goods for

commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for each workweek longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed. Defendants shall add together all hours an employee works for any of the Defendants when determining whether such employee is engaged for a workweek longer than forty hours.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516 that are issued, and from time to time amended, pursuant to section 11(c) of the Act.

4. **IT IS FURTHER ORDERED that** Defendants shall not withhold payment of $77,213.41 which represents the unpaid minimum wage and overtime compensation, plus interest, hereby found to be due, for the period from November 19, 2011, to November 18, 2013, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

5. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this Consent Judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the Act, in favor of the Secretary and against the Defendants, in the total amount of $134,682.69. This sum represents $77,213.41 in back wages plus interest, and $57,469.28 in liquidated damages, found to be due for the period from November 19, 2011, to November 18, 2013, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

6. The rights of any of Defendants' employees or ex-employees not specifically mentioned in Exhibit A to this Consent Judgment, to back wages and liquidated damages under the Act, and the rights of Defendants' employees or ex-employees identified in Exhibit A in regard to work performed for any time period other than the time period specified above in paragraph 6, are neither affected nor extinguished by this Consent Judgment and neither party to the action contemplates that the Consent Judgment entered in this action will affect such rights, if any.

7. Defendants shall not fail to deliver the following to the Secretary's authorized representatives at:

U.S. Dept of Labor, Wage-Hour Division
Back Wage Unit
90 7th Street, #13-100
San Francisco, CA 94103-6714

a) On or before February 28, 2014, a schedule bearing the names of Ageway Boarding Care, Ageway Boarding Care #2, Ageway Boarding Care #3, and Chestnut House, with their addresses and employer identification number(s). The schedule must show the name, last known home address, and cell phone number for each person listed in the attached Exhibit A.

b) Payments as follows:

| Payment No. | Date Due | Amount Due | Interest Due | Total Due |
|---|---|---|---|---|
| Down | 2/28/2014 | $ 33,523.76 | $ - | $ 33,523.76 |

*Consent Judgment* 5

| payment | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1 | | 2/28/2014 | $ | 7,697.64 | $ | 83.82 | $ | 7,781.46 |
| 2 | | 3/28/2014 | $ | 7,704.06 | $ | 77.40 | $ | 7,781.46 |
| 3 | | 4/28/2014 | $ | 7,710.48 | $ | 70.98 | $ | 7,781.46 |
| 4 | | 5/28/2014 | $ | 7,716.90 | $ | 64.56 | $ | 7,781.46 |
| 5 | | 6/28/2014 | $ | 7,723.35 | $ | 58.11 | $ | 7,781.46 |
| 6 | | 7/28/2014 | $ | 7,729.78 | $ | 51.68 | $ | 7,781.46 |
| 7 | | 8/28/2014 | $ | 7,736.21 | $ | 45.25 | $ | 7,781.46 |
| 8 | | 9/28/2014 | $ | 7,742.67 | $ | 38.79 | $ | 7,781.46 |
| 9 | | 10/28/2014 | $ | 7,749.12 | $ | 32.34 | $ | 7,781.46 |
| 10 | | 11/28/2014 | $ | 7,755.58 | $ | 25.88 | $ | 7,781.46 |
| 11 | | 12/28/2014 | $ | 7,762.03 | $ | 19.43 | $ | 7,781.46 |
| 12 | | 01/28/2015 | $ | 7,768.51 | $ | 12.95 | $ | 7,781.46 |
| 13 | | 02/28/2015 | $ | 7,774.94 | $ | 6.47 | $ | 7,781.41 |
| | | | | $ 134,095.03 | $ | 587.66 | $ | 134,682.69 |

Each payment shall be made by certified check, cashier's check or money order, in the amounts set forth, made payable to the "Wage & Hour Div., Labor."

c) Defendants understand and agree that the schedule of payments is such that all installment payments will be allocated so as to satisfy the liquidated damages portion of this judgment and then, only once the liquidated damages portion is fully satisfied, the installment payments will be allocated to the back wages unlawfully withheld.

8. In the event of a default in the timely making of any payments specified herein, by any defendant, the full gross amount outstanding due under this Consent Judgment from all Defendants, plus post-judgment interest at the rate of 10% per year from the date of this Consent Judgment until the full amount of this Consent Judgment is paid in full, shall become

Consent Judgment 6

immediately due and payable by any Defendant directly to the U.S. Department of Labor by certified check to delivered to the District Director of the Wage and Hour Division at

    U.S. Dept of Labor, Wage-Hour Division
    District Director
    90 7th Street, #13-100
    San Francisco, CA 94103-6714

upon the Secretary's sending by ordinary mail a written demand to the last business address of the Defendants then known to the Secretary. For the purposes of this paragraph, a "default" is deemed to occur if payment is not delivered within five calendar days of the due date.

9.     The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions detailed below to the persons named in the attached Exhibit A, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c). The Secretary shall be responsible for deducting the employees' respective shares of FICA and federal income taxes from the amounts paid to the persons named in the attached Exhibit A, and for remitting said deductions to the appropriate federal agencies. Defendants are responsible for deducting and remitting the employers' share of FICA, federal income taxes, and all other withholding required by law.

10.     Within thirty days of the date of entry of this Consent Judgment, Defendants shall provide each of their employees with copies of a Notice of Rights, attached as Exhibit B, which summarizes the terms of this Consent Judgment and provides direct guidance from the U.S. Department of Labor regarding care home employees' rights under the FLSA. An English version is attached. Defendants shall have the notice at Exhibit B translated into Spanish and Tagalog at the Defendants' expense and shall provide that notice to the Department for approval of the translation prior to distribution. In the event any of Defendants' native language is a language other than English, Tagalog, or Spanish, Defendants shall have the notice at Exhibit B

translated into that language at Defendants' expense and shall provide that notice to the Department for approval of the translation before distribution. Defendants shall provide copies of Exhibit B to all new hires in English, Spanish, and Tagalog, and post a copy of Exhibit B in English, Tagalog, and Spanish at each business establishment in an area that is frequented by each employee at least once every workweek and where it is highly visible. This provision shall be in effect for a period of four years from the date of entry of this Consent Judgment.

11. Within 10 days of signing this Consent Judgment, Defendants shall post U.S. Department of Labor- approved posters regarding the minimum wage and overtime provisions of the FLSA in each business establishment, which may be found at http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

12. Within 10 days of signing this Consent Judgment, Defendants shall implement a record-retention and inspection program as follows:

    a) Defendants shall procure, if necessary, and install a time system at each work location and ensure that each employee accurately records in the employer's records the time he/she: (i) begins work each day by the employee clocking/punching in as soon as the employee enters the worksite and/or employer's premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by the employee clocking/punching out at the beginning of the lunch period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more, by clocking/punching out at the end of the uninterrupted work-free meal period; (iv) ends work each day by the employee clocking/punching out just before the employee leaves the worksite and/or the employer's premises; (v) begins and ends any period, if any, when the employee is duty-free (such as sleep time or other off-duty hours) and thus not paid by the employee clocking/punching out.

b) Defendants shall not reduce compensable hours worked for time spent sleeping (claim a "sleep time credit") for any employee who is required to be on duty for less than 24 hours. An employee who is required to be on duty for less than 24 hours is working even though he is permitted to sleep or engage in other personal activities when not busy. Defendants may claim a sleep time credit for an employee who is required to be on duty for more than 24 hours only if Defendants comply with all of the following:

(i) Defendants have entered into a written voluntary agreement with the employee before the period for which the sleep time credit is claimed;

(ii) This written agreement provides for the exclusion from hours worked of bona fide regularly scheduled sleeping periods of not more than 8 hours;

(iii) Defendants have provided adequate sleeping facilities; and

(iv) Defendants ensure that the employee can usually enjoy an uninterrupted night's sleep, which Defendant agrees will mean no more than once a week will an interruption occur. Defendants shall not claim any sleep time credit where the demands of the employee's work prevents sleep for at least 5 uninterrupted hours.

c) For each work week, Defendants shall sum the time indicated on the time records recorded on the time clock for all Defendants named herein by each employee to identify the time worked each day and each workweek. Each pay period Defendants shall prepare a statement of hours worked by each employee for each day, week and pay period, combining all hours worked at any of Defendants' homes ("Work Hours Summary"). Such Work Hours Summary shall state the regular rate, which shall be calculated in full compliance with 29 C.F.R. §§ 778.108-09, as well as any amount deducted that pay period for any reason, including any lodging credit, meal credit, or sleep time credit. Defendants shall calculate the half-time premium for hours worked over forty in each

work week by dividing the regular rate in half. Defendants shall include the value of any non-discretionary bonus, lodging credit, or meal credit in the regular rate.

d) Defendants shall have each employee review his/her Work Hours Summary and write in corrections if necessary. Each Work Hours Summary shall contain a statement in English and Tagalog that "Ageway Boarding Care, Ageway Boarding Care #2, Ageway Boarding Care #3, and Chestnut House and must pay you for all hours worked, which includes all time that you are required to be on the employer's premises and are not free from duties. If you think Ageway Boarding Care, Ageway Boarding Care #2, Ageway Boarding Care #3, and Chestnut House has not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US- WAGE." Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all Work Hours Summaries for inspection by the U.S. Department of Labor at any time and by any worker within 48 hours of the request. Defendants shall post in an area that is frequented by each employee at least once each workweek and where it is highly visible a notice alerting employees that they have the right to inspect their time cards and Work Hours Summary at any time.

e) Defendants agree that they will not claim that food eaten by workers is a part of their pay (a "meal credit") absent full compliance with 29 C.F.R. Part 531. If Defendants opt to seek a meal credit pursuant to 29 C.F.R. Part 531, Defendants shall retain receipts for any food purchased for which they claim a meal credit. Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of receipts for food purchased as to which Defendants assert a meal credit. Defendants shall make these receipts open for inspection by the U.S. Department of Labor at any time and by any worker within 48 hours of the request. On January 1, March 1, June 1 and October 1 of each year, Defendants shall post a statement in an area that is frequented by employees

and where it is highly visible which shows how Defendants calculated the amount of any meal credit Defendants claimed during the previous calendar quarter. Defendants shall continue to display the above-described meal credit information for two years after claiming any meal credit.

f)  Defendants shall not claim that sleeping at Defendants' facility is part of the workers' pay ("lodging credit") unless they comply fully with 29 C.F.R. Part 516, including 29 CFR § 516.27. Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed. Immediately upon issuance and for two years thereafter, Defendants shall maintain copies of all receipts and expenditures and other document support for any lodging credit asserted. Defendants shall make such lodging credit documents open for inspection by the U.S. Department of Labor, and by any worker, within 48 hours of the request. On January 1, March 1, June 1 and October 1 of each year, Defendants shall post a statement in an area that is frequented by employees and where it is highly visible which shows how Defendants calculated the amount of any lodging credit Defendants claimed during the previous calendar quarter. Defendants shall continue to display the above-described lodging credit information for two years after claiming any lodging credit.

13.  Within six (6) months of the date that Defendants sign this Consent Judgment, Defendants shall permit representatives from Wage and Hour to conduct a training session for all non-supervisory employees performing work at Defendants' residential care home facilities ("Employee Training Session"), if Wage and Hour elects, in its discretion, to do so. The Employee Training Session shall be compensable time for which employees shall receive pay. Topics to be covered during the Employee Training Session shall include, but are not limited to:

minimum wage, overtime, that hours worked in one workweek at two or more of Defendants' homes must be added together, recordkeeping provisions of the FLSA and specific considerations relating to residential care home facility employees. In the event that Wage and Hour does not elect to perform the Employee Training Session, within eight (8) months after the date that Defendants sign this Consent Judgment, Defendants shall provide to District Director Blanco a list of three proposed trainers to conduct the Employee Training Session, at Defendants' expense. All trainers proposed by Defendants for the Employee Training Session shall be willing and able to provide the training described herein in English, Spanish, and Tagalog. If District Director Susana Blanco objects to use of any of the trainers proposed by Defendants, she will so indicate within fourteen (14) days. In the event that Wage and Hour elects not to perform the Employee Training Session, Defendants shall provide the Employee Training Session within ten (10) months after Defendants sign this Consent Judgment.

14. Within six (6) months of the date that Defendants sign this Consent Judgment, Defendants shall permit representatives from Wage and Hour to conduct a training session for all supervisory employees performing work at Defendants' residential care home facilities ("Supervisor Training Session"), if Wage and Hour, in its discretion, elects to do so. The Supervisor Training Session shall be compensable time. Topics to be covered during the Supervisor Training Session shall include, but are not limited to: minimum wage, overtime, that hours worked at two or more of Defendants' homes in one work week must be added together, recordkeeping provisions of the FLSA and specific considerations relating to residential care home facility employees. In the event that Wage and Hour does not elect to perform the Supervisor Training Session, within eight (8) months after the date that Defendants sign this Consent Judgment and Order, Defendants shall provide to District Director Blanco a list of three proposed trainers to conduct the Supervisor Training Session at Defendants' expense. All trainers proposed by Defendants for the Supervisor Training Session shall be willing and able to

provide the training described herein in English or any native language of a supervisory employee. If District Director Blanco objects to use of any of the trainers proposed by Defendants, she will so indicate within fourteen (14) days. In the event that Wage and Hour elects not to perform the Supervisor Training Session, Defendants shall provide the Supervisor Training Session within ten (10) months after Defendants sign this Consent Judgment and Order.

15. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated this 6th day of October, 2014

_____
U.S. DISTRICT JUDGE

Consented to By:

Dated: July 11, 2014

_____
ANA DAYEH
Individually

_____
ANA DAYEH,
for AGEWAY SENIOR CARE INC. d/b/a
Ageway Boarding Care

Approved as to form for Defendants:

_____
RICHARD M. KELLY
KELLY LITIGATION GROUP PC
3 Lagoon Dr., Suite 225
Redwood City, Ca 94065

Dated: October 2, 2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

_____
ANDREW J. SCHULTZ
Trial Attorney
Attorneys for U.S. Department of Labor

**Attorneys for Defendants**

## EXHIBIT A

| First Name | Last Name | Back Wages | Liquidated Damages | Total | Int. |
|---|---|---|---|---|---|
| ELMER | BERNARDINO | $4,791.50 | $ 3,593.62 | $8,385.12 | $36.75 |
| MYRNA | GIMENA | $4,276.50 | $ 3,207.37 | $7,483.87 | $ 32.81 |
| VIOLETA | DUMAGUIN | $7,050.00 | $ 5,287.49 | $12,337.49 | $54.04 |
| RYAN | ABRENICA | $7,259.75 | $ 5,444.81 | $12,704.56 | $55.68 |
| GRACE | TOLENTINO | $4,321.20 | $ 3,240.90 | $7,562.10 | $33.15 |
| ROLITO | CAWALING | $6,674.00 | $ 5,005.51 | $11,679.51 | $51.17 |
| LENY | MANGUERA | $517.80 | $ 388.35 | $906.15 | $3.97 |
| PACITA | CORDERO | $7,032.50 | $ 5,274.38 | $12,306.88 | $53.92 |
| MARINA | VELASQUEZ | $6,975.00 | $ 5,231.25 | $12,206.25 | $53.52 |
| BIENEVIDO | SIMON SENO II | $5,557.50 | $ 4,168.12 | $9,725.62 | $42.63 |
| RUFINA | BACANI | $12,051.00 | $ 9,038.24 | $21,089.24 | $92.42 |
| MERLINDA | DATLAG | $4,615.00 | $3,461.25 | $8,076.25 | $35.39 |
| FELISA | ISLA | $5,504.00 | $4,127.99 | $9,631.99 | $42.21 |
| Totals: | | $76,625.75 | $57,469.28 | $134,095.03 | $587.66 |

**EXHIBIT B**

**LEGAL NOTICE TO ALL EMPLOYEES**

In February 2014, your company settled a lawsuit with the **U.S. Department of Labor**. As part of this settlement, your company will pay the Department of Labor money owed to certain employees, and the Department of Labor will distribute it directly to those employees. This distribution will not take place for several months, so if you leave this job, please call the number listed below to update your contact information.

The **Fair Labor Standards Act** provides that you must be paid the **minimum wage** for all hours worked. In addition, all employees must be paid the **overtime** rate of one and one-half times your regular rate for all hours worked over 40 in a workweek. All employees are entitled to overtime pay (1 ½ times your regular rate) when you work over 40 hours. Your employer may not make deductions or take credit for meals and lodging provided to you unless you voluntarily agree to sign a written agreement with your employer regarding such meal or lodging credits. The settlement your employer reached with the Department of Labor requires the employer to make available to you any receipts, documents, or any other information necessary to explain how any lodging or meal deductions and credits are being calculated.

You must be paid for all hours worked, even hours spent sleeping, if you are not usually free of duties during such sleep hours and thus cannot enjoy at least 5 hours of uninterrupted sleep hours. Your employer must pay you for all time spent working, even if the work is performed during time scheduled as "sleep time" or "non-work" time.

**If you think you are not being paid in accordance with the law,** you can call the U.S. Department of Labor, Wage and Hour Division, at (415) 625-7720 or 1-866-4-USWAGE (1-

*Consent Judgment* 16

866-487-9243) and your name will be kept confidential. The U.S Department of Labor wants to remind you that you also have employment rights under California state law and you may contact the California Division of Labor Standards Enforcement, at (415) 703-5300, for any questions you may have about those rights.